The **CHILDREN'S HOSPITAL OF BUFFALO,** Appellant,

v.

Donna E. **SHALALA,** Secretary of the United States Department of Health and Human Services, Defendant–Appellee.

No. 00–6187.

United States Court of Appeals, Second Circuit.

Jan. 24, 2001.

---

142

Robert J. Lane, Jr., for Hodgson, Russ, Andrews, Woods & Goodyear, LLP; Kevin

D. Szcepanski, of counsel, Buffalo, NY, for appellant.

Maryalice Kozak, Assistant United States Attorney, for Denise E. O'Donnell, United States Attorney, W.D.N.Y.; John E. Gura, on the brief, for appellee.

Present GRAAFEILAND, WINTER and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and hereby is AFFIRMED.

Plaintiff Children's Hospital of Buffalo ("Children's Hospital") appeals from a grant of a motion for judgment on the pleadings for defendant ("the Secretary") and a denial of its cross-motion for summary judgment. We affirm.

## BACKGROUND

For almost ten years, the parties to this litigation have been fighting, allegedly, over how and whether to count the passing of a single day. They have no disputes over the facts of the case, however.

Pursuant to Title XVIII of the Social Security Act, 42 U.S.C. § 1395–1395ccc, Medicare reimbursement is available for Medicare beneficiaries who have been diagnosed with End Stage Renal Disease ("ESRD"). The Secretary of the Department of Health and Human Services ("HHS") has delegated responsibility for administering the Medicare program to the Administrator of the Health Care Finance Administration ("HCFA"), a division of HHS. The HCFA enters into contracts with private health insurance carriers to administer and pay claims for health care services and treatment rendered to Medicare beneficiaries. Such carriers are referred to as "intermediaries."

Facilities providing ESRD medical services and treatment ("providers") are reimbursed through the medicare Part A program in accordance with 42 U.S.C. 1395rr and 45 C.F.R. Part 405, Subpart U. Children's Hospital is one such provider. A network of intermediaries is responsible for administering Medicare Part A on a nationwide basis. Blue Shield of Western New York, Inc. ("Blue Shield") is the designated intermediary charged with administering the Medicare Part A program in Western New York. Thus, it is the intermediary responsible for the Hospital's ESRD Medicare reimbursements.

Generally, providers are reimbursed at a "composite rate" under 42 U.S.C. § 1395rr(b)(7). ESRD facilities with "unusual circumstances," including the provision of ESRD services and treatment to pediatric patients who require a significantly higher staff-to-patient ratio than typical adult patients, may be eligible for an "exception" to the composite rate. *See id.* Even if previously approved for the exception, each time HCFA issues a new composite rate an ESRD provider is required to request a new exception. Pursuant to 42 C.F.R. § 413.170(f)(4)(i), "[a] facility must request an exception to its payment rate within 180 days after . . . [i]t is notified of its prospective payment rate." In addition, § 2720.3 of the Provider Reimbursement Manual ("PRM") states that the exception request must be made "[w]ithin 180 days of the effective date of new composite payment rates." Under the guidelines of PRM § 2704, the fiscal intermediary (in this case Blue Shield) must notify the provider of the rate change and the period during which rate exception requests will be accepted. It states: "The publication of new payment rates includes an effective date for these rates, and a date all exception requests must be received by an intermediary to

meet the requirements of § 2720.3." PRM § 2704.

Due to its care of pediatric patients, the Children's Hospital had previously applied for and received an exception to the composite rate from December 1, 1989 through February 29, 1991. In February 1991, HCFA advised the intermediaries that a new composite rate became effective January 1, 1991. By memorandum dated February 22, 1991, Blue Shield informed Children's Hospital of the new composite rate. The memorandum stated that

> A new exception cycle commences on March 1, 1991. Renal facilities have 180 days from March 1, 1991 to file a valid exception request. No composite rate exception received by us after August 27, 1991 will be accepted. Requests for reconsideration must also be received by August 27, 1991. After that date the Health care Financing Administration will not review any exception determination.

It also referred to a previous "rate notification dated January 17, 1991."

On August 27, 1991, Children's Hospital overnight mailed an exception request to Blue Shield. Blue Shield, having received the request on August 28, 1991, one day after the stated deadline, returned it to Children's Hospital the following day. Blue Shield sent an accompanying letter explaining that the exception was denied as untimely. Children's Hospital protested the denial of its request, but Blue Shield did not withdraw the denial.

Pursuant to 42 C.F.R. Part 405, Subpart R, Children's Hospital appealed Blue Shield's decision to the Provider Reimbursement Review Board ("PRRB"). After a hearing on the matter, the PRRB found the rejection to be improper and remanded the exception request to Blue Shield for consideration on the merits. Pursuant to 42 U.S.C. § 1395oo(f)(1), the

HCFA Administrator reviewed the PRRB's decision,[1] and reversed it. Children's Hospital then commenced this suit in the United States District Court for the Western District of New York (Skretny, J.), seeking review of the HCFA's administrative determination.

The Secretary moved for judgment on the pleadings, Fed.R.Civ.P. 12(c), and the Hospital cross-moved for summary judgment. The district court reviewed the administrative determination of the HCFA to see whether it was " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (quoting Administrative Procedure Act, 5 U.S.C. § 706(2)(A)). The district court agreed with the magistrate judge to whom the case had been referred (Foschio, *M.J.*) that plaintiff's arguments for deeming the exception request timely were without merit. Accordingly, the court adopted the magistrate judge's recommendation and report, granted defendant's motion, and denied plaintiff's cross-motion.

Plaintiff now appeals the decision of the district court.

### DISCUSSION

We review the grant of a motion on the pleadings *de novo. Perales v. Sullivan,* 948 F.2d 1348, 1353 (2d Cir.1991). And we review agency interpretations of their own regulations only to see whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. 706(2)(A); *see Thomas Jefferson Univ.,* 512 U.S. at 512; *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

The regulation at issue in the instant case requires that the Secretary allow facilities to request rate exceptions "within 180 days after ... [i]t is notified of its prospective payment rate." 42 C.F.R. § 413.170(f)(4)(i). The record reflects that the memorandum from Blue Shield notifying Children's Hospital was dated February 22, 1991 and that it states that the Hospital was informed of the new effective rate in January. The Hospital neither claimed to the Secretary nor alleged in its complaint that the memo was not received in February. That memorandum, moreover, gave the Hospital actual notice that all rate exception requests were due on August 27, 1991. Therefore, regardless of the Secretary's method of counting the 180 days from March 1, when the exception rate period officially began, plaintiff was "notified" more than 180 days prior to August 27. Its August 28 application for a rate exception was consequently untimely.

### CONCLUSION

For the reasons discussed above, we find plaintiff's contentions meritless. Accordingly, we AFFIRM the judgment of the district court.

---

1. Pursuant to 42 U.S.C. § 1395oo(f)(1), the Secretary is authorized to reverse, affirm, or modify a PRRB decision. The Secretary delegated responsibility to the HCFA Administrator to administer the Medicare program on her behalf. The HCFA administrator was thus authorized to reverse the PRRB decision.